UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:22-cr-00042-JAW-1 |
| | ) |
| HENRY BRACKETT | ) |

**ORDER ON MOTION TO REDUCE SENTENCE**

On December 13, 2022, the Court sentenced Henry Brackett to 92 months of imprisonment, three years of supervised release, no fine, and a $100 special assessment for possessing a stolen firearm in violation of 18 U.S.C. § 922(j). *J.* (ECF No. 55). On November 16, 2023, following the promulgation of Amendment 821, the United States Magistrate Judge initiated a sentence modification proceeding pursuant to 18 U.S.C. § 3582(c)(2). *Sua Sponte Mot. for Sentence Modification and Scheduling Order* (ECF No. 59). After counsel was appointed to represent Mr. Brackett, on January 19, 2024, the Government and Mr. Brackett filed a joint motion to reduce Mr. Brackett's sentence to 84 months of imprisonment, leaving the other elements of his sentence undisturbed. *Jt. Agreement for Sentencing Reduction Pursuant to Am. 821* (ECF No. 63).

On February 8, 2024, the Court issued an order, deferring ruling on the parties' joint motion to give them an opportunity to assure the Court that they had given due consideration to "the risk to the public from the defendant's early release" given Mr. Brackett's "violent, repetitive and egregious criminal history" in making the joint recommendation for an eight-month reduction in his term of incarceration. *Order on Mot. to Reduce Sentence* at 1 (ECF No. 65) (*Order*).

On March 28, 2024, the Government and Mr. Brackett filed a joint response to the Court's February 8, 2024 order. *Jt. Resp. to Ct.'s Order of Feb. 8, 2024* (ECF No. 69) (*Jt. Resp.*). The parties maintain that they "considered the concerns articulated [in] the court's Order," in particular, "Mr. Brackett's criminal history, which must be balanced against multiple other factors including his remorse, rehabilitation, age, and medical decline." *Id.* at 1.

In reviewing the parties' most recent submission, the parties have now presented several reasons for a sentence reduction not contained in their original submission. Mr. Brackett apparently suffers from diabetes-related complications, and he now uses a four-wheeled walker to walk. *Id.* at 2. The Bureau of Prisons has further classified Mr. Brackett as a Medical Care Level 4, the highest level of care, because of his Type II diabetes, asthma, arthritis, hypertension, and edema. *Id.* Despite his health-related difficulties, Mr. Brackett has taken over 200 courses, satisfying his GED equivalency in February 2024. *Id.* at 3. Additionally, the parties attached a letter from a corrections officer at FMC Devens, where Mr. Brackett is housed, in which the corrections officer represents that Mr. Brackett "assists other inmates with their daily hygiene activities, room sanitation, general daily activities, and overall unit maintenance" and "has made significant strides towards becom[ing] a better, helpful, hard-working, and remorseful person during his incarceration." *Id.*, Attach. 1, *Letter from S. Brown, P-Unit Corr. Couns.* (Mar. 5, 2024).

The Court disagrees only with the parties' justification of a "by the numbers" approach to all defendants potentially eligible for reductions under Amendment 821.

*See id.* at 4-5. The parties defend their "by the numbers" approach to all eligible defendants, including Mr. Brackett, by referring to 18 U.S.C. § 3553(a)(6)'s requirement that in sentencing a defendant, a court should seek to avoid "unwarranted disparities in sentencing." *Id.* at 5. But § 3553(a)(6) provides that a court shall consider:

> [T]he need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

In the Court's view, this provision is a thin reed to justify recommendations for across-the-board reductions for all defendants eligible for Amendment 821 reductions regardless of whether they have similar records or have been found guilty of similar offenses.

The parties' second justification, namely that the United States Sentencing Commission recommended retroactive application of Amendment 821, is more convincing. *Jt. Resp.* at 5. But as the parties concede, in evaluating whether to grant an Amendment 821 reduction, the enabling statute directs the sentencing court to consider "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2). Section 3553(a) includes the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). In other words, no court sentences by the numbers without regard to the individual person, who is before the court, and a reduced sentence, even under Amendment 821, must be individualized to each eligible defendant.

The Government's and Defendant's joint approach may be sufficient with a more typical defendant who lacks Mr. Brackett's "violent, repetitive and egregious

3

criminal history" and who otherwise fits the criteria of § 3553(a). In fact, this Court has granted similar Amendment 821 motions in other cases where warranted without further explanation. But as the Court described in detail in its review of Mr. Brackett's criminal history, Mr. Brackett had "a refractory and violent criminal past, including multiple acts of sexual violence." *Order* at 9-10, 12. Missing from the parties' original joint agreement for reduction of sentence was any suggestion that they had considered all the § 3553(a) factors in Mr. Brackett's case when making their joint recommendation.

The parties have now explained their evaluation of the wide range of § 3553(a) factors, including Mr. Brackett's medical difficulties, his limited mobility, his age (now 62), his educational efforts, and his remorse, and they maintain their joint recommendation of a reduced period of incarceration of 84 months despite his troubling criminal history. *Jt. Resp.* at 6. Furthermore, although legally permitted to do so, it is an exceptionally rare case where this Court has imposed a sentence higher than what the United States Attorney's Office is recommending. Here, not only has the Government recommended the eight-month reduction, but also the Federal Defender for the District of Maine has joined in this recommendation. The Court takes into account the fact that the recommendation to lower Mr. Brackett's incarcerative sentence is joint.

Based on the more complete joint submission, the Court GRANTS the Joint Agreement for Sentencing Reduction Pursuant to Amendment 821 (ECF No. 63) and

reduces Henry Brackett's period of incarceration from 92 months to 84 months, the remaining terms of his sentence to remain unchanged.

    SO ORDERED.

                                                /s/ John A. Woodcock, Jr.
                                                JOHN A. WOODCOCK, JR.
                                                UNITED STATES DISTRICT JUDGE

Dated this 5th day of April, 2024